**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUAN SALAZAR,

        Plaintiff - Appellant,

  v.

A&J CONSTRUCTION OF MONTANA, INC.,

        Defendant - Appellee.

No. 13-35352

D.C. No. 1:11-cv-00016-CSO

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Carolyn S. Ostby, Magistrate Judge, Presiding[**]

Argued and Submitted July 11, 2014
Portland, Oregon

Before: PAEZ, WATFORD, and OWENS, Circuit Judges.

Plaintiff Juan Salazar ("Salazar") appeals from a jury verdict finding

Defendant A&J Construction of Montana, Inc. ("A&J") not liable for injuries

Salazar sustained when he fell while working at an A&J construction project. At

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

the time of his fall, Salazar was not wearing his fall protection harness. The jury found that although A&J was negligent, A&J's negligence did not cause Salazar's injuries. This is a diversity jurisdiction action governed by the substantive law of Montana. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Salazar contends that Montana law prohibited the district court from admitting evidence that A&J imposed certain safety requirements on its subcontractors. According to Salazar, the admission of such evidence permitted A&J to argue that it had delegated to subcontractors its nondelegable duty under the Montana Safety Act, Mont. Code Ann. § 50-71-201, to provide Salazar with a safe work environment. *See Olson v. Shumaker Trucking & Excavating Contractors, Inc.*, 347 Mont. 1, 15 (2008).

We need not decide this question of Montana law, because even if the district court erred by admitting evidence that A&J imposed safety requirements on its subcontractors, the error was not prejudicial. The jury found that A&J was negligent – i.e., breached its duty – but that A&J's negligence did not cause Salazar's injury. If the jury believed that A&J had delegated its safety duty to another party, the jury could not have found A&J to be in breach of that duty. Thus, it is not probable that the error Salazar alleges tainted the verdict. *See Mahone v. Lehman*, 347 F.3d 1170, 1172 (9th Cir. 2003).

We also reject Salazar's contention that Montana law precluded A&J from raising a comparative negligence defense by introducing evidence of Salazar's failure to wear his fall protection harness. When an employer breaches its nondelegable duty to provide a safe working environment, Montana law permits a comparative negligence defense "if evidence demonstrates that . . . the worker has some reasonable means or opportunity to avoid the hazard without endangering his or her employment." *Olson*, 347 Mont. at 18. Salazar had an opportunity to avoid the hazard of falling without endangering his employment by wearing his harness. Accordingly, the district court did not abuse its discretion by admitting evidence of Salazar's negligence.

Finally, we reject Salazar's contention that the district court should have judicially estopped A&J from arguing that Salazar should have been wearing his harness at the time he fell. Judicial estoppel may be applied where a party advances a position that is inconsistent with a position the same party previously persuaded a court to adopt. *New Edge Network, Inc. v. FCC*, 461 F.3d 1105, 1114 (9th Cir. 2006). Salazar contends that in its summary judgment briefing, A&J advanced a position that was inconsistent with the argument that Salazar should have been wearing his harness. We need not decide whether A&J's positions were inconsistent because the district court denied summary judgment without adopting

any of the positions that A&J advanced.  Accordingly, the district court did not abuse its discretion by refusing to apply judicial estoppel.

**AFFIRMED.**